UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

F&M FABRICATION CO., a Michigan corporation,
d/b/a CLASSIC 2 CURRENT FABRICATION,

        Plaintiff,

vs.

        Case No.
        Hon.

SMOOTHIE FABRICATION, LLC,
a North Carolina limited liability company,

        Defendant.

_____/

MADDIN, HAUSER, ROTH & HELLER, P.C.
By:  Jonathan B. Frank (P42656)
Of Counsel
Attorney for Plaintiff
28400 Northwestern Hwy, Suite 200
Southfield, Michigan 48034
(248) 354-4030

_____/

## COMPLAINT FOR DECLARATORY RELIEF

**This is a case for a declaration that Defendant's copyright(s) is/are invalid and that, in any event, Plaintiff is not infringing.**

1. Plaintiff F&M Fabrication Co., d/b/a Classic 2 Current Fabrication, is a Michigan corporation with its principal place of business in Redford, Michigan.

2. Plaintiff's website is www.c2cfabrication.com.

3. Defendant Smoothie Fabrication, LLC is a North Carolina limited liability company with its principal place of business in Indian Trail, North Carolina.

4. Defendant's website is www.smoothiefab.com.

5. To the best of Plaintiff's information and belief, the members of Defendant LLC are North Carolina residents.

6. Both parties are in the business of manufacturing and selling aftermarket vehicle parts.

7. Defendant has asserted that Plaintiff is infringing on its copyright(s) related to the design of certain running boards.

8. Defendant sent a cease and desist letter threatening an action for copyright infringement. Exhibit A.

9. Defendant claims to have registered its copyright(s) with the United States Copyright Office.

10. In fact, Defendant is not entitled to any copyright protection for the random markings on its products that are generated by the machining process, nor for designs intended to achieve certain strength.

11. Plaintiff is not infringing on any valid copyright.

## Jurisdiction and Venue

12. This Court has subject matter jurisdiction of the claims in this action pursuant to 28 U.S.C. §§ 1332 (diversity) and 1331 (federal question), the Copyright Act at 17 U.S.C. § 501, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2002.

13. Venue is proper in the judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## COUNT I – DECLARATORY JUDGMENT OF INVALIDITY AND NON-INFRINGEMENT OF COPYRIGHT

14. Plaintiff hereby references and incorporates the above paragraphs into this Count I as if fully set forth herein.

15. There is a substantial and continuing controversy between Plaintiff and Defendant, and a declaration of rights is both necessary and appropriate to establish that Defendant's copyright is invalid and that Plaintiff does not infringe any protectable work of Defendant.

2

16. Defendant's copyright is invalid because the running boards are "useful articles." Any design elements are purely functional and accomplish no aesthetic purpose.

17. In fact, the purported design elements are merely the product of a machining process and/or to accomplish a functional purpose, specifically strength.

18. A viewer cannot identify pictorial, graphic, or sculptural features within the design of the useful article.

19. The pictorial, graphic, or sculptural features of the design of the useful article do not exist independently of the utilitarian aspects of the useful article.

20. The copyright is therefore invalid under the doctrine of conceptual separability.

21. Plaintiff's running boards are likewise manufactured through a machining process that leaves marks on the final product.

22. Plaintiff's running boards are likewise designed to accomplish a functional purpose, specifically strength.

23. Plaintiff's running boards do not infringe on any valid copyright belonging to Defendant because they do not copy any protectable element of the works.

24. Defendant's cease and desist letter was sent in bad faith and in an effort to harass Plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

A.  Declaring that Defendant's copyright(s) is/are invalid;

B.  Declaring that the continued manufacture, sales, and distribution of Plaintiff's running boards will not infringe any right of Defendant; and

C.  Awarding Plaintiff its costs, expenses, and reasonable attorneys' fees pursuant to 17 U.S.C. § 505.

1959354/16520.0001

Respectfully submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.


By:   */s/ Jonathan B. Frank*_____
     Jonathan B. Frank (P42656)
Attorney for Plaintiff

Dated:  January 16, 2017